**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4270**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JONATHON PAUL JOHNSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:16-cr-00105-BO-1)

Submitted:  January 31, 2018                    Decided:  February 23, 2018

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathon Paul Johnson appeals the 10-year terms of supervised release imposed on three counts of conviction following his plea of guilty to distribution of a quantity of heroin (Counts 2 and 3), in violation of 21 U.S.C. § 841(a)(1) (2012), possession with intent to distribute a quantity of heroin (Count 4), in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime (Count 5), in violation of 18 U.S.C. § 924(c)(1)(A) (2012).[1] Johnson contends that these terms of supervised release were both illegal and procedurally and substantively unreasonable. For the reasons that follow, we vacate Johnson's terms of supervised release on Counts 2 through 4 and remand for resentencing.

First, we reject Johnson's argument that his supervised release sentence exceeded the statutory maximum. Johnson was convicted of three Class C felonies (Counts 2, 3, and 4), for which he was sentenced under 21 U.S.C. § 841(b)(1)(C) (2012). While 18 U.S.C. § 3583(b)(2) (2012) provides that the maximum term of supervised release for a Class C felony—"[e]xcept as otherwise provided"—is three years, 21 U.S.C. § 841(b)(1)(C) calls for a minimum term of supervised release of three years. Johnson asserts that these statutes, read together, command a three-year term of supervision. However, this interpretation is foreclosed by *United States v. Pratt*, 239 F.3d 640 (4th Cir. 2001), in which we held "that where a statute's mandatory minimum term of

---

[1] In addition to an 87-month prison sentence, the district court imposed concurrent 10-year terms of supervised release on Counts 2 through 4, and a concurrent 5-year term of supervised release on Count 5.

2

supervised release is the same as, or exceeds, § 3583's maximum terms, § 3583's maximum terms do not apply." *Id.* at 648. Because § 841(b)(1)(C)'s three-year minimum was as long as § 3583's three-year maximum, § 3583's limitation did not apply, and the district court was authorized to impose up to lifetime supervision. *Id.* at 647 n.4, 648.

We agree, however, with Johnson's claim that the district court committed procedural error by failing to calculate the Sentencing Guidelines range of supervised release and by inadequately explaining its sentencing decision in that regard. Because Johnson did not object on either basis, we review only for plain error. *See United States v. Strieper*, 666 F.3d 288, 292 (4th Cir. 2012); *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). Under this standard, Johnson must establish that "(1) there is an error; (2) the error is plain; and (3) the error affects substantial rights." *United States v. White*, 836 F.3d 437, 444 (4th Cir. 2016). Even if Johnson satisfies these requirements, we must correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted).

In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the relevant 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). Once the district court has settled on the appropriate sentence, it "must adequately explain the chosen sentence to allow for

3

meaningful appellate review and to promote the perception of fair sentencing." *Id.* at 50. The sentencing explanation need not be extensive as long as we are satisfied that the district court "has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Engle*, 592 F.3d 495, 500 (4th Cir. 2010) (brackets and internal quotation marks omitted).

The district court determined only the Guidelines range of imprisonment, did not issue a statement of reasons, and did not otherwise announce whether it adopted the Guidelines range of supervision calculated in the presentence report. This was plain error. To demonstrate that the error affected his substantial rights, Johnson must show that it "caused him to be sentenced to a more severe term of supervised release." *United States v. Price*, 777 F.3d 700, 712 (4th Cir. 2015).

As Johnson notes, he received a supervised release term more than triple the length of the three-year Guidelines term calculated by the probation officer.[2] The district court's sentencing explanation did not provide a proper basis for this considerable variance; rather, much of the sentencing hearing revolved around the seriousness of Johnson's drug trafficking offenses, which is not among the statutory factors to be considered when imposing supervised release. *See* 18 U.S.C. § 3583(c). Because these considerations predominated the court's sentencing explanation, we conclude that the court committed another procedural error. *See United States v. Webb*, 738 F.3d 638, 642

---

[2] The probation officer determined that the Guidelines range for Counts 2 through 4 was three years, and that the Guidelines range for Count 5 was two to five years.

(4th Cir. 2013) (holding that district court may not impose revocation sentence based predominately on seriousness of releasee's violation). With no assurance that the district court would have imposed 10-year supervised release terms regardless of the Guidelines range, we find that these errors affected Johnson's substantial rights. And because sentencing a defendant in the absence of a properly calculated Guidelines range seriously affects the fairness, integrity, and public reputation of judicial proceedings, we exercise our discretion to correct the district court's errors. *Price*, 777 F.3d at 712.

Accordingly, we vacate Johnson's terms of supervised release on Counts 2 through 4 and remand for resentencing.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[3] In light of this disposition, it is unnecessary to consider whether, as Johnson contends, his terms of supervision are also substantively unreasonable.